

Villanova University School of Law Digital Repository

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2005

# Wakefield v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2133

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Wakefield v. Comm Social Security" (2005). *2005 Decisions.* Paper 567.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/567

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2133
_____

ARTHUR WAKEFIELD,
Appellant

v.

JO ANNE B. BARNHART;
LINDA MCMAHON

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-02465)
District Judge:  Honorable Jose L. Linares

_____

Submitted Under Third Circuit LAR 34.1(a)
September 6, 2005

Before:  SLOVITER, BARRY and FISHER, Circuit Judges

(Filed September 7, 2005)

_____

OPINION
_____

PER CURIAM

　　Arthur Wakefield, a pro se litigant, appeals from an order of the United States

District Court for the District of New Jersey denying his petition for writ of mandamus

and his appeal of the denial of supplemental security income ("SSI") benefits. Finding no error, we will affirm.

I.

On August 15, 2003, Wakefield applied for SSI benefits. After waiting approximately ten months for a decision, Wakefield filed a mandamus action in the District Court, seeking to compel the Commissioner of the Social Security Administration ("SSA") to issue a decision on his SSI application and award interim benefits pending such decision. One month later, the SSA denied Wakefield benefits as well as reconsideration of his SSI application. Wakefield initially requested an administrative hearing, but then waived his right to appear. Thereafter, an administrative law judge ("ALJ") denied Wakefield benefits, finding that he did not prove that he had a severe impairment. The Appeals Council denied review.

In December 2004, Wakefield filed in the District Court an "Amended Complaint" in which he alleged that the Commissioner violated due process by arbitrarily denying a timely hearing and benefits. The District Court denied the mandamus petition, finding that it does not have jurisdiction as the Commissioner owes no nondiscretionary duty to act. Alternatively, the District Court affirmed the ALJ's decision, finding that it was based upon substantial evidence. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

II.

We first consider whether the District Court properly denied Wakefield's mandamus petition. Wakefield contends that the District Court misconstrued the law, overlooked controlling precedents, failed to apply federal constitutional principles of substantive law to the facts of this case, and failed to make findings of fact and conclusions of law. See Br. at 2. Wakefield further contends that the Commissioner owed him a duty to conduct timely hearings, issue decisions, and commence payments. See Reply Br. at 2.

Mandamus is an extraordinary remedy available only if the plaintiff has exhausted all other avenues of relief and only if the defendants owe him a clear, nondiscretionary duty. Ringers v. Heckler, 466 U.S. 602, 616 (1984). Here, as in Ringers, Wakefield had an adequate remedy in 42 U.S.C. § 405(g), which permits judicial review of the denial of benefits. Indeed, this appears to be the avenue that Wakefield pursued in filing his Amended Complaint. Moreover, Wakefield has not identified a nondiscretionary duty that the Commissioner owed him, but failed to perform. Therefore, the District Court properly applied the law in denying the mandamus petition.

Wakefield next contends that the uncontradicted medical evidence supports his contention that the SSA improperly denied benefits. See Br. at 1. To the extent Wakefield properly sought review of the denial of benefits, we agree with the District Court's conclusion that the ALJ's decision was based upon substantial evidence. See 42

-3-

U.S.C. § 405(g); <u>Burns v. Barnhart</u>, 312 F.3d 113, 118 (3d Cir. 2002). While Wakefield's medical records establish that he was injured in 1990, they do not establish that he suffered from an impairment warranting benefits at the time he filed his SSI application in 2003. Furthermore, despite Wakefield's assertions to the contrary, the record does not indicate that he was denied due process. <u>See</u> <u>Mathews v. Eldridge</u>, 424 U.S. 319 (1976).

III.

We have fully considered each of the arguments raised by Wakefield on appeal, and find that each lacks merit and warrants no further discussion. For the foregoing reasons, we will affirm the District Court's judgment.